J-S41026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                           :                PENNSYLVANIA
                                                           :
            v.                                          :
                                                           :
                                                           :
                                                           :
JAY LEE WALTER, SR.                     :
                                                           :
                    Appellant                       :     No. 869 MDA 2022

Appeal from the PCRA Order Entered April 14, 2021
In the Court of Common Pleas of Franklin County
Criminal Division at CP-28-CR-0000532-2009

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED JANUARY 06, 2023**

Jay Lee Walter, Sr. (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Also, Appellant's appointed counsel, Mark F. Bayley, Esquire (Counsel), has moved to withdraw from representation.  After careful review, we grant Counsel's motion to withdraw and affirm because Appellant's PCRA petition is untimely.

This case has a protracted procedural history, which this Court recently explained:

> Appellant was arrested in connection with [his] sexual assault of [a] minor [female (the victim)] from October 2006 to October 2008.  Represented by counsel, Appellant proceeded to a jury trial, at the conclusion of which he was convicted of rape of a child, involuntary deviate sexual intercourse with a child …

_____

[*] Former Justice specially assigned to the Superior Court.

[(IDSI)], indecent assault [of a child], [aggravated indecent assault of a child,] and endangering the welfare of a child.[1] Appellant was sentenced to an aggregate of 23 years to 50 years in prison, and he was determined to be a sexually violent predator pursuant to 42 Pa.C.S. § 9792. [As we discuss further below, **the trial court imposed mandatory minimum sentences on some of Appellant's convictions, under 42 Pa.C.S. § 9718(a)(1) and (a)(3)** (sentences for enumerated crimes against minors).]

[1] 18 Pa.C.S. §§ 3121[(c)], 3123[(b)], 3126[(a)(7)], [3125(b)], and 4304, respectively.

Appellant filed a timely direct appeal to this Court. In an unpublished memorandum filed on December 9, 2011, a panel of this Court concluded the trial court erred in admitting out-of-court statements by the victim pursuant to Pennsylvania's "Tender Years Act," 42 Pa.C.S. § 5985.1. Consequently, this Court vacated the judgment of sentence and remanded for further proceedings. *See Commonwealth v. Walter*, 40 A.3d 188 (Pa. Super. filed 2011) (unpublished memorandum) (*Walter 1*). However, the Commonwealth filed a petition for allowance of appeal, which the Pennsylvania Supreme Court granted.

Thereafter, in an opinion filed on February 18, 2014, the Supreme Court held this Court erred in finding the trial court abused its discretion by admitting the victim's out-of-court statements pursuant to the Tender Years Act. *See Commonwealth v. Walter*, 93 A.3d 442 (Pa. 2014) (*Walter 2*). Accordingly, the Supreme Court reversed this Court's decision and remanded to this Court for consideration of Appellant's remaining issues. *See id.*

Upon remand, in an unpublished memorandum filed on September 9, 2014, this Court concluded Appellant was not entitled to relief on his remaining issues, and therefore, we affirmed his judgment of sentence. *See Commonwealth v. Walter*, 1829 MDA 2010, 2014 Pa. Super. Unpub. LEXIS 2677 (Pa. Super. filed Sept. 9, 2014) (unpublished memorandum) (*Walter 3*). Appellant did not file a petition for allowance of appeal from this decision.

On or about February 3, 2017, Appellant filed a *pro se* PCRA petition in which he challenged the legality of his sentence[,

contesting application of Section 9718's mandatory minimum sentencing provisions,] and suggested he was entitled to the newly recognized constitutional right exception to the PCRA's time bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii). In support of his claim, Appellant cited to several cases, including **Alleyne v. United States**, 570 U.S. 99 (2013),[2] and **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016).[3] On February 27, 2017, the PCRA court appointed counsel, who filed a petition seeking to withdraw his representation, as well as a **Turner**/**Finley**[4] "no-merit" letter on April 24, 2017.

> [2] In **Alleyne**, the United States Supreme Court held any fact that increases mandatory minimum sentences for a crime is considered an element of the crime for the fact-finder to find beyond a reasonable doubt.
>
> [3] In **Wolfe**, the Pennsylvania Supreme Court held that 42 Pa.C.S. § 9718 … is unconstitutional under **Alleyne**.
>
> [4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

**Commonwealth v. Walter**, 277 A.3d 1110 (Pa. Super. 2022) (unpublished memorandum at 1-3) (**Walter 5**) (footnotes in original; some citations modified), *quoting* **Commonwealth v. Walter**, 216 A.3d 421 (Pa. Super. 2019) (unpublished memorandum) (**Walter 4**).

On May 12, 2017, the PCRA court granted the request of Appellant's counsel to withdraw under **Turner**/**Finley**, and notified Appellant of the court's intention to dismiss his February 3, 2017, PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response (Response). The PCRA court did not address Appellant's Response or rule on his February 3, 2017, PCRA petition.

On January 16, 2018, Appellant filed a *pro se* "motion to modify sentence," which the PCRA court treated as a second PCRA petition. The PCRA court conducted a hearing and dismissed the petition on June 5, 2018. On appeal, this Court in **Walter 4** vacated and remanded to the PCRA court, finding

> the record reveals confusion and/or an apparent breakdown in the PCRA court, including whether the PCRA court considered Appellant's timely [R]esponse in opposition to the court's Pa.R.Crim.P. 907 notice of intent to dismiss the February 3, 2017, petition….

**Walter 4**, 216 A.3d 421 (unpublished memorandum at 6-7).

This Court in **Walter 5** explained that subsequently:

> After this Court remanded the matter to the PCRA court in **Walter 4**, the PCRA court issued an order dismissing Appellant's first PCRA petition as untimely and granting PCRA counsel leave to withdraw. Order, 5/23/19. In that same order, the PCRA court addressed Appellant's motion to modify sentence and determined that it was a second PCRA petition. *Id.* The PCRA court then concluded that, because it had dismissed Appellant's first PCRA in the preceding paragraphs, it would proceed to rule on Appellant's second PCRA petition. *Id.* at n.4. The PCRA court then dismissed Appellant's second PCRA petition as untimely for the reasons set forth in a prior opinion filed on June 5, 2018. *Id.* Appellant, who was without counsel, did not pursue an appeal.
>
> Appellant filed a third PCRA petition *pro se* on March 29, 2021. On April 1, 2021, the PCRA court issued a Rule 907 notice of intent to dismiss Appellant's petition without a hearing. On April 12, 2021, Appellant filed a response. The PCRA court dismissed Appellant's third petition on April 1[4], 2021, on the basis that it was untimely[, and Appellant failed to establish an exception to the PCRA's time bar]. Appellant filed this timely appeal.
>
> [W]e must address a procedural error in the PCRA court's May 23, 2019 order. As noted previously, the PCRA court issued

a single order dismissing Appellant's first and second PCRA petitions and granting PCRA counsel leave to withdraw. However, the PCRA court failed to properly inform Appellant of his appellate rights. Therefore, it is evident that Appellant did not have an opportunity to appeal the dismissal of his first PCRA petition.

* * *

Here, as stated above, Appellant did not have the opportunity to appeal from the order dismissing his first PCRA petition. The PCRA court attempted to address two PCRA petitions and counsel's motion to withdraw in a single order, and the PCRA court did not properly address Appellant's pending PCRA petitions pursuant to this Court's remand in **Walter 4**.

* * *

Accordingly, we vacate the instant order, vacate that part of the May 23, 2019 order dismissing Appellant's second PCRA petition due to the aforementioned judicial breakdown, and reinstate Appellant's right to appeal from that part of the May 23, 2019 order denying his first PCRA petition due the breakdown as well. …

Moreover, although we recognize that the PCRA court previously granted Appellant's counsel's motion to withdraw, due to the procedural missteps and anomalies in this case, and in order to ensure and protect Appellant's rights, we direct the PCRA court to appoint appellate counsel to assist Appellant in his appeal. **See** Pa.R.Crim.P. 904(E)[("The judge shall appoint counsel to represent a defendant whenever the interests of justice require it."); **see also** Pa.R.Crim.P. 904(C) (mandating that an indigent petitioner shall be appointed counsel to represent him or her on a first PCRA petition).]

**Walter 5**, 277 A.3d 1110 (unpublished memorandum at 9-12) (footnotes omitted). This timely appeal followed.[1] Appellant and the PCRA court have

_____

[1] Due to a breakdown in the PCRA court, Appellant was not appointed PCRA counsel prior to expiration of the 30-day appeal period in Pa.R.A.P. 903(a). *(Footnote Continued Next Page)*

- 5 -

complied with Pa.R.A.P. 1925.[2]  Counsel filed a brief and motion to withdraw in this Court on October 7, 2022.  Appellant did not respond.

Counsel presents two issues for review:

1. Is the Appellant's appeal in relation to the below claim frivolous?

2. The trial court erred in denying the Appellant's Motion for Post Conviction Collateral Relief filed February 3, 2017, by Order issued May 23, 2019, where the Appellant's sentence was greater than the lawful maximum pursuant to legal authority set forth in said Motion as well as related legal authority.

Appellant's Brief at 14 (italics omitted; issues numbered).[3]

Before reaching the merits of Appellant's claim, we address Counsel's motion to withdraw.  Counsel filed with this Court a purported **Anders**[4] brief and a motion to withdraw from representation.  The procedure in **Anders** is

---

Appellant objected.  In compliance with this Court's directive, Counsel filed an amended notice of appeal on August 29, 2022.  **See also** PCRA Court Order, 6/2/22, at 2 ("The letter filed on [Appellant's] behalf dated May 15, 2022, is [] construed as a timely-filed notice of appeal of our order of court dated May 23, 2019…." (some capitalization modified)).

[2] The PCRA court relied upon its reasoning from prior orders.  **See** PCRA Court Opinion, 7/12/22, at 2 (citing Order, 5/12/17, ¶ 3 (finding Appellant's PCRA petition was facially untimely, did not establish any PCRA timeliness exception, and the "holding in **Alleyne** does not … implicate any of the statutes under which [Appellant] was convicted."); Opinion and Order, 6/5/18, at 18 ("[Appellant] is not entitled to relief under the PCRA as [Appellant] has [] failed to satisfy one of the three timeliness exceptions…."); Order, 5/23/19, ¶ 12 (same)).

[3] The Commonwealth has not filed a brief.

[4] **Anders v. California**, 386 U.S. 738 (1967).

not the appropriate vehicle for withdrawing from PCRA representation. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding *Anders* briefs are procedurally inappropriate on PCRA appeals). When counsel seeks to withdraw on collateral appeal, the appropriate procedure is set forth in *Turner*/*Finley*. However, because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter. *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (overruled on other grounds by *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) ("we now … abandon *Pitts*'s … approach as the sole procedure for *challenging PCRA counsel's effectiveness*") (italics added)). Counsel must provide proof of:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Pitts*, 981 A.2d at 876 n.1 (citation and brackets omitted).

Our review discloses that Counsel has substantially complied with the above requirements. *See Karanicolas*, 836 A.2d at 947 (substantial compliance with requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). In the *Anders* brief, Counsel (1) set forth the issue Appellant wants this Court to review, (2) stated he has conducted a conscientious examination of the record, (3) determined there are no non-frivolous arguments to support Appellant's claim, and (4) explained why Appellant's claim lacks merit. *See* Appellant's Brief at 17-20; *see also Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (where counsel incorrectly sought leave to withdraw on collateral appeal pursuant to *Anders*, Court could proceed to address merits because *Anders* brief complied with *Turner*/*Finley* procedure). In addition, Counsel mailed to Appellant correspondence informing him of Counsel's intention to seek permission to withdraw from representation and advising Appellant of his rights in compliance with *Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa. Super. 2006). As Counsel has sufficiently complied with the *Turner*/*Finley* requirements, we proceed with our independent review of Appellant's issue.

Appellant claims the PCRA court erred in denying relief based on Appellant serving a sentence that is greater than the lawful maximum under *Alleyne* and its progeny. *See* Appellant's Brief at 17; *see also* PCRA Petition, 2/3/17, at 2-4. Appellant points to the trial court's imposition of mandatory

minimum sentences under 42 Pa.C.S.A. § 9718(a)(1) and (a)(3).[5]  *Id.*

Counsel argues that this claim is frivolous because Appellant's PCRA petition

---

[5] For Appellant's conviction of IDSI, the trial court imposed a 10-year mandatory minimum sentence pursuant to Section 9718(a)(**1**).  Pursuant to Section 9718(a)(3), the trial court imposed 10-year mandatory minimum sentences for Appellant's convictions of rape of a child and aggravated indecent assault, respectively.  On appeal, Counsel claims the mandatory minimum sentences imposed under Section 9718(a)(3) are lawful.  Appellant's Brief at 18 n.1 ("The provisions in section 9718(a)(3) in effect in 2010 which resulted in the Appellant's 10-year mandatory incarceration terms on rape of a child and aggravated incent assault were eventually deemed valid by the Pennsylvania Supreme Court.  *See Commonwealth v. Resto*, 645 Pa. 196 (2018).").  We agree.

It is undisputed, under *Wolfe*, that 42 Pa.C.S.A. § 9718(a)(1) is unconstitutional.  However, this Court has held with respect to mandatory sentences under Section 9718(a)(3):

> In *Commonwealth v. Wolfe*, our Supreme Court, in addressing the implications of *Alleyne* on the constitutionality of Section 9718(a)(1) and (c), broadly held that Section 9718 is "irremediably unconstitutional on its face, non-severable, and void."  *Wolfe*, 140 A.3d at 663.  …
>
> In *Commonwealth v. Resto*, our Supreme Court was presented with the question of whether the imposition of a mandatory minimum sentence under Section 9718(a)(3) was unconstitutional pursuant to *Alleyne*.  In an opinion announcing the judgment of the court ("OAJC"), Chief Justice Saylor held that Section 9718(a)(3) "requires no proof of any predicate or aggravating facts" and, therefore, does not implicate the protections afforded by *Alleyne*.  *Resto*, 179 A.3d at 20-21 (OAJC) (Todd, J. concurring; Dougherty, J. joining the concurrence).  Chief Justice Saylor acknowledged that "some passages of *Wolfe* [were] written in overbroad terms to the degree that they disapprove Section 9718 as a whole, when the Court was not considering the materially distinct operation of [Section 9718(a)(3)]."  *Id.* at 22.  A minimum mandatory sentence that attaches to a conviction enumerated in Section

*(Footnote Continued Next Page)*

is facially untimely, Appellant failed to properly invoke and prove an exception, and "various post-*Alleyne* decisions … prevent the Appellant from relying on [any] exception."  Appellant's Brief at 19 (citing ***Commonwealth v. Miller***, 102 A.3d 988, 996 (Pa. Super. 2014) (although "an issue pertaining to *Alleyne* goes to the legality of the sentence" and "cannot be waived on appeal," such claim "may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citations and ellipses omitted)).

We first address jurisdiction.  ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (the merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction; jurisdiction does not exist if the PCRA petition is untimely).  Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).

_____

9718(a)(3) and does not require the sentencing judge to determine an additional, aggravating fact, does not run afoul of *Alleyne* because the conviction, itself, is a contemporaneous jury determination of the facts that require the imposition of a mandatory minimum sentence. *Id.* at 21. In so holding, Section 9718(a)(3) was determined to be severable from Sections 9718(a)(1) and (a)(2), which were unconstitutional pursuant to *Alleyne*.  *Id.* at 22 (stating *Wolfe* does not prevent the recognition that a precept concerning aggravating facts does not apply to provisions of a statute requiring none).

***Commonwealth v. Widger***, 237 A.3d 1151, 1162-63 (Pa. Super. 2020) (footnote omitted; some citations modified).

- 10 -

Although the trial court originally sentenced Appellant on November 1, 2010, his judgment of sentence did not become final until October 9, 2014, after this Court affirmed his judgment of sentence in **Walter 3**, and he declined to seek allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3) (for purposes of the PCRA, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review"); Pa.R.A.P. 1113. The Supreme Court decided **Alleyne** on June 17, 2013, **before** Appellant's judgment of sentence became final. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), (holding **Alleyne** is applicable only to criminal cases pending on direct review).

Importantly, however, any petition invoking a PCRA timeliness exception "**shall** be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (emphasis added) (amended effective Dec. 24, 2018, to extend the time for filing to one year of the date the claim first could have been presented). **If a PCRA petition invoking one of the timeliness exceptions is "not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.**" **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000) (emphasis added). This jurisdictional rule is "enforced strictly." **Commonwealth v. Vega**, 754 A.2d 714, 718 (Pa. Super. 2000).

Appellant did not invoke *Alleyne* until he filed his first PCRA petition on February 3, 2017, over three years after *Alleyne* was decided. Thus, Appellant failed to raise his claim within the time prescribed in Section 9545(b)(2). *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("With regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."). Moreover, our Supreme Court has explicitly held that *Alleyne* does not apply retroactively on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

We acknowledge that in *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018), our Supreme Court held that a petitioner serving an illegal sentence under *Alleyne* was not jurisdictionally barred from relief, where he invoked *Alleyne* in a **timely** petition for post-conviction relief and his judgment of sentence was not final when *Alleyne* was decided. *Id.* at 191 (holding the Supreme Court's decision in *Washington*, *supra*, does not "bar[] one serving an illegal sentence from relief when such relief is sought in a timely PCRA petition and the judgment of sentence was not final when *Alleyne* was announced."); *see also Commonwealth v. Sandusky*, 203 A.3d 1033, 1103-04 (Pa. Super. 2019) (reversing denial of petitioner's **timely** PCRA petition challenging the imposition of mandatory minimum sentences under Section 9718(a) where they were illegal under *Alleyne* and *Wolfe*, and remanding for resentencing). In this case, Appellant did not timely file his

PCRA petition or properly invoke a timeliness exception. As the PCRA court lacked jurisdiction, we affirm the denial of relief. *See also Commonwealth v. Katona*, 191 A.3d 8, 16 (Pa. Super. 2018) ("we may affirm if there is any basis on the record to support the trial court's action, even if we rely on a different basis.").

Order affirmed. Motion to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2023